UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE ARTHUR BENTLEY,

          Petitioner,

                                    CASE NO. 4:21-CV-10303
v.                                  HON. ARTHUR J. TARNOW

GARY MINIARD,

          Respondent.
_____/

## OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR BOND, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.  INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Lee Arthur Bentley was convicted of first-degree premeditated murder and possession of firearm during the commission of a felony following a jury trial in the Saginaw County Circuit Court and was sentenced to life imprisonment without the possibility of parole and a consecutive term of two years imprisonment on those convictions in 1990. In his habeas petition, filed by counsel, he raises claims concerning newly-discovered evidence and actual innocence, judicial impartiality, the constructive deprivation of counsel during the pre-trial period, ineffective assistance of trial counsel, the non-

disclosure of evidence, and ineffective assistance of appellate counsel. Petitioner also recently filed an emergency motion for bond, asserting that his claims have merit and essentially seeking release due to concerns about his exposure to COVID-19 in prison.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.; see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, RULES GOVERNING § 2254 CASES.

After undertaking such preliminary review, the Court concludes that Petitioner has not exhausted state court remedies as to his habeas claims, dismisses without prejudice the petition for a writ of habeas corpus, and denies the emergency motion for bond. The

Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. PROCEDURAL HISTORY

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, which affirmed his convictions. *People v. Bentley*, No. 131551 (Mich. Ct. App. Aug. 8, 1994). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Bentley*, 448 Mich. 903, 533 N.W.2d 313 (1995).

Petitioner, through counsel, filed the instant habeas petition on February 9, 2021.

## III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all available state court remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts, including both the Michigan Court of Appeals and the Michigan Supreme Court, to satisfy the exhaustion

requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to meet his burden of demonstrating exhaustion of state court remedies. There is no indication in his pleadings that he has presented any of his current habeas claims to the state courts before instituting this federal habeas action. The Court's own review of online sources reveals no such filings. Petitioner has an available state court remedy to exhaust his claims before seeking federal habeas review. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his claims through the state appellate courts as necessary. Federal law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his or her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

4

established federal law as determined by the Supreme Court of the United States, or an

unreasonable determination of the facts. 28 U.S.C. § 2254(d).  The state courts must first

be given a fair opportunity to rule upon Petitioner's claims and to correct any

constitutional violations before he can present them in federal court.  *See Cullen v.

Pinholster*, 563 U.S. 170, 185 (2011) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 121

(2009)).  Otherwise, the Court cannot apply the standard of 28 U.S.C. § 2254.

Although the exhaustion requirement is not a jurisdictional prerequisite for

bringing a habeas petition, it is strictly enforced.  *Granberry v. Greer*, 481 U.S. 129,

134-35 (1987).  The only statutory exceptions to the exhaustion requirement are "an

absence of available State corrective process" or circumstances that render such process

ineffective to protect the applicant's rights.  28 U.S.C. §  2254(b)(1)(B).  For example,

a court may address an unexhausted claim when the pursuit of a state court remedy

would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or

when the unexhausted claim is meritless such that addressing it would be efficient and

not offend federal-state comity.  *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987);

*see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite the

failure to exhaust state court remedies).  Such circumstances are not present in this case.

Petitioner does not discuss the exhaustion requirement distinctly in his pleadings,

but asserts that "all" procedural bars to his habeas petition should be excused due to his claim of actual innocence. It is well-settled that a credible showing of actual innocence may provide a gateway through which a habeas petitioner can have procedurally defaulted or time-barred claims considered on the merits. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (miscarriage of justice exception to procedural default); *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986) (miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (credible showing of actual innocence may equitably toll one-year habeas limitations period). However, there is no actual innocence exception to the exhaustion requirement when an available, effective state court remedy exists. *See, e.g., Buxton v. Pennsylvania*, No. 2:16cv1489, 2017 WL 1383930, *1 (W.D. Pa. April 14, 2017) (noting the difference between procedural default and exhaustion and stating that an actual innocence exception to exhaustion would eviscerate the exhaustion requirement); *see also Younger v. Davis*, No. 18-16440(RMB), 2019 WL 4189415, *3 (D. N.J. Sept. 4, 2019) (citing cases). As another court has explained, "[t]he actual innocence exception is designed to preserve habeas review for a petitioner who exhausted his state court remedies but neglected to preserve certain issues, not to give license to any prisoner claiming actual innocence to

bypass the exhaustion requirement." *Williams v. Argento*, No. 18-CV-1080V, 2019 WL 2124506, *2 (W.D.N.Y. May 15, 2019) (rejecting actual innocence exception argument and dismissing without prejudice a habeas petition containing unexhausted claims). Because Petitioner has an available remedy to pursue his claims in the state courts, he must exhaust that remedy before seeking federal habeas review.  His claim of actual innocence does not provide an excuse or exception to the exhaustion requirement under such circumstances.

A federal district court has discretion to stay a "mixed" habeas petition, that is one containing both exhausted and unexhausted claims, to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.  In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition after the exhaustion of state

remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

In this case, Petitioner does not request a stay nor indicate that his circumstances justify a stay. Moreover, a stay is inappropriate because it appears that none of his habeas claims are exhausted. The Court cannot ordinarily stay a petition containing only unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See White v. Winn*, No. 2:16-CV-13177, 2017 WL 1532266, *2 (E.D. Mich. April 25, 2017) (citing cases); *Hines v. Romanowski*, No. 2:14-CV-13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan. 4, 2007) (finding a stay inappropriate "because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner

8

pursues his claims in state court"); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*Rhines* stay and abeyance rule does not apply to a petition with only unexhausted claims); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006); *McDonald v. Bell*, No. 1:06-cv-406, 2009 WL 1525970 (W.D. Mich. June 1, 2009); *Mimms v. Russell*, No. 1:08-cv-79, 2009 WL 890509 (S.D. Ohio March 31, 2009); *Murphy v. Feneis*, No. 07-153, 2007 WL 2320540, *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims.").  A stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

Additionally, given this dismissal, Petitioner's motion for bond is moot. *See, e.g., Manning v. Curtin*, No. 1:13-cv-1362, 2020 WL 2507487, *8 (W.D. Mich. May 15, 2020) (finding motion for bond moot where court dismissed the habeas action on exhaustion grounds); *Bridges v. Harry*, No. 1:17-cv-287, 2017 WL 1360989, *5 (W.D. Mich. April 14, 2017) (same).

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted state court remedies as to his habeas claims and that a stay of the proceedings is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES** the emergency motion for bond as moot. This denial is without prejudice to Petitioner's pursuit of available state or federal remedies to resolve to his concerns about potential exposure to COVID-19 in prison. The Court makes no determination as to the merits of any of Petitioner's claims.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the

*Bentley v. Miniard*
Case No. 4:21-CV-10303
Page 11 of 11

Court's procedural ruling.   Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal cannot be taken in good faith.  *See* FED. R. APP. P. 24(a).  Accordingly, the Court denies leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

 s/Arthur J. Tarnow                              
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated:  March 15, 2021