UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE ARTHUR BENTLEY,

      Petitioner,

v.

CASE NO. 2:21-CV-10303
HON. ARTHUR J. TARNOW

GARY MINIARD,

      Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION TO STAY. STAYING THE PROCEEDINGS, AND ADMINISTRATIVELY CLOSING THE CASE

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Lee Arthur Bentley, through counsel, filed a habeas petition raising claims concerning newly-discovered evidence and actual innocence, judicial impartiality, the constructive deprivation of counsel during the pre-trial period, the non-disclosure of evidence, and ineffective assistance of trial and appellate counsel. ECF No. 1. Upon initial screening the Court dismissed the petition without prejudice on exhaustion grounds. ECF No. 3. The Court subsequently granted reconsideration and reopened the case after Petitioner's counsel informed the Court that he has a motion for relief from judgment before the state trial court which had been pending for nearly two years. ECF No. 5. In July, 2021, Respondent moved to stay its answer and informed the Court that while the motion for

relief from judgment has been pending in the state trial court since July, 2019, it has not been languishing. ECF No. 8. Rather, the state trial court ordered briefing by the parties, oral argument was scheduled, two hearings were held, and then additional scheduled hearings were adjourned per counsel's request and due to the pandemic court closure. A July 23, 2020 state court docket entry indicates that counsel would re-notice the hearing, but no such action has occurred. ECF No. 8, PageID.790-792, ECF No. 8-1. Petitioner's counsel did not file a reply to Respondent's motion so the Court issued an order requiring him to show cause why the case should not be dismissed on exhaustion grounds for the reasons stated in the original dismissal order. ECF No. 9. The Court subsequently conducted a video conference and allowed Petitioner's counsel to withdraw. ECF Nos. 12, 13. Petitioner's new counsel has since filed a notice concurring in Respondent's motion to stay the case pending the exhaustion of state court remedies. ECF No. 15.

Having reviewed the matter, the Court finds that Respondent's motion should be granted and these proceedings should be stayed. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. *See* 28

U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). As explained in the Court's initial dismissal order and acknowledged by the parties, Petitioner's current habeas claims are unexhausted and he has available (and pending) state court remedies. Those state remedies should be completed before federal habeas review. The Court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). Given Respondent's motion to stay, Petitioner's concurrence in that motion, and the extent of the proceedings before the Court, a stay is warranted in this case.

Accordingly, the Court grants Respondent's motion for a stay, holds the habeas petition in abeyance, and stays these proceedings. The stay is conditioned on Petitioner completing the state court process on his pending motion for relief from judgment. *See, e.g., Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his habeas petition, using the same caption and case number, within 60 days of fully exhausting state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th

*Bentley v. Miniard*
Case No. 2:21-CV-10303
Page 4 of 4

Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, this case may be dismissed. Lastly, this case is closed for administrative purposes pending compliance with these conditions. The Court makes no determination as to the procedural or substantive merits of Petitioner's claims.

**IT IS SO ORDERED.**

_s/Arthur J. Tarnow_____
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2022